UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

SETH NADREAU, et al,

    Plaintiffs,

v.                                                                   CASE NO: 2:10-CV-298-FtM-36SPC

LUSH COSMETICS, LLC, et al.,

    Defendants.
_____/

**O R D E R**

This cause comes before the Court on Plaintiffs' Motion to Conditionally Certify and Facilitate Notice (Doc. 17), filed on June 18, 2010. On July 1, 2010, Defendants Lush Cosmetics NY, LLC and Lush Cosmetics, LLC filed a Response (Doc. 20). On July 16, 2010, Plaintiffs filed a Reply. The Court heard argument in this matter on January 5, 2011. For the reasons that follow, Plaintiffs' Motion will be granted.

**BACKGROUND**

On June 3, 2010, Plaintiffs filed a Nationwide Collective Action Amended Complaint against Defendant in the name of Seth Nadreau and all others similarly situated (Doc. 10). According to the Amended Complaint, Plaintiffs are all former employees of Defendant Lush[1] who worked as managers in various retail locations throughout the country. Doc. 10 ¶15. Plaintiffs allege that Defendant violated the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (FLSA) when it

---

[1] Plaintiffs' initial action was against Defendant Lush Cosmetics NY, LLC. On June 3, 2010, Plaintiffs filed an Amended Complaint joining Defendant Lush Cosmetics, LLC. For the purposes of this Order, unless otherwise specified, the two entities will be referred to collectively as "Defendant" or "Lush."

employed them and those similarly situated to them for periods longer than forty hours per week without paying them at a rate of at least one and one-half times their regular pay rate. *Id.*

In their Motion, Plaintiffs seek conditional certification and Court approval for notification of this lawsuit to be provided to other employees of Defendant so they might opt-in to the lawsuit if they choose to do so. Defendant argues that the standard to grant conditional certification has not been met. Specifically Defendant argues that Plaintiffs have not presented evidence showing that employees of the two corporations—Lush Cosmetics NY, LLC and Lush Cosmetics, LLC—belong in one representative class, that Plaintiffs have not established that they are all similarly situated, that Plaintiffs have not established that managers and managers-in-training are similarly situated, that Plaintiffs have not demonstrated that other employees wish to opt-in, and that Plaintiffs have not presented evidence establishing that Defendant's conduct was willful so as to trigger a three-year notice period.

**ANALYSIS**

"The FLSA authorizes collective actions against employers accused of violating the FLSA." *See Morgan v. Family Dollar Stores, Inc.,* 551 F. 3d 1233, 1258 (11th Cir. 2008). Under 29 U.S.C. § 216(b), the certification of collective actions brought pursuant to the FLSA requires a two-tiered evaluation:

> The first determination is made at the so-called "notice stage." At the notice stage, the district court makes a decision—usually based only on the pleadings and any affidavits which have been submitted—whether notice of the action should be given to potential class members. Because the court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in "conditional certification" of a representative class. If the district court "conditionally certifies" the class, putative class members are given notice and the opportunity to "opt-in." The action proceeds as a representative action throughout

discovery.

> The second determination is typically precipitated by a motion for "decertification" by the defendant usually filed after discovery is largely complete and the matter is ready for trial. At this stage, the court has much more information on which to base its decision, and makes a factual determination on the similarly situated question.

*Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1218 (11th Cir. 2001) (citing *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207 (5th Cir. 1995)); *see also Cameron-Grant v. Maxim Healthcare Servs., Inc.*, 347 F.3d 1240, 1243 n.2 (11th Cir. 2003).

At the notice stage, the court must make a preliminary finding as to (1) whether there are employees other than the plaintiff who desire to opt-in to the action; and (2) whether the employees who desire to opt-in are "similarly situated." *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1260 (11th Cir. 2008); *Vondriska v. Premier Mortgage Funding, Inc.*, 564 F. Supp. 2d 1330, 1334 (M.D. Fla. 2007). This determination is undertaken through the use of a "fairly lenient standard." *Vondriska*, 564 F. Supp at 1334. The plaintiff must nonetheless provide the court with "detailed allegations supported by affidavits which successfully engage defendants' affidavits to the contrary." *Id.* (quoting *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1097 (11th Cir. 1996). In order to grant conditional certification, the court must be satisfied that there are other employees who are similarly situated and who desire to opt-in. *Id.* (citing *Dybach v. State of Fla. Dep't of Corrs.*, 942 F.2d 1562, 1567–68 (11th Cir. 1991)).

**Factual Allegations**

The evidence submitted by Plaintiffs consists of Consents to Join and declarations filed by Daniel Cortez, Catalina Hernandez, Seth Nadreau, Jennifer Shakan, Dylan Meek, Robert Wade Witmer, Shaun Gillies, Roseann Dennison, and Kim Pearce. *See* Docs. 3, 12, 17( Ex. B), 18, 42, 43,

45. The Plaintiffs agree that, despite being classified as exempt for the purposes of overtime compensation, their primary duties involved selling Defendant's product on the sales floor "just like every other employee in the store." *See id.* These alleged improper classifications span across Defendant's locations in five different states and the District of Columbia. *See id.* In addition, the declarations uniformly state that other current and former store managers around the country would desire to opt-in to the lawsuit if given proper notice of their right to do so. The Court concludes that this evidence is sufficient to meet the "fairly lenient" standard for granting conditional class certification and allowing notice to potential class members under the first stage of the two-step process outlined in *Hipp*.

**Other Employees Desire to Opt-In**

In support of their argument that other employees desire to opt-in to this litigation, Plaintiffs have submitted Consents to Join and declarations from nine of Defendant's former employees working across the country. Plaintiffs have accordingly demonstrated a reasonable basis for their assertions that other aggrieved employees exist in the proposed class. *Compare Pendlebury v. Starbucks Coffee Co.*, 2005 U.S. Dist. LEXIS 574, at **4, 12 (S.D. Fla. January 3, 2005) (approving a conditional certification based upon the affidavits of four employees) *and Bell v. Mynt Entm't, LLC*, 223 F.R.D. 680, 683 (S.D. Fla. 2004) (approving a conditional certification where the plaintiff proffered affidavits from seven employees expressing a desire to join the lawsuit and making allegations similar to those made by the plaintiff) *with Hoffer v. Ocwen Loan Servicing, Inc.*, 2009 WL 1404696, at *2 (S.D. Fla. May 19, 2009) (refusing to grant conditional certification where no prospective plaintiffs filed affidavits evidencing a desire to opt-in). Given the considerable number of employees who have already elected to opt-in, the Court need not consider whether the

4

employees' assertions that other employees would desire to opt-in to the lawsuit upon proper notice rises beyond mere speculation.

**The Managers Are Similarly Situated**

In determining whether employees are similarly situated, the court must consider their respective job requirements, pay provisions, and the commonality of their claims. *Dybach*, 942 F.2d at 1567–68. The plaintiffs need not demonstrate that their positions are identical, but must instead show that they are similar. Although this standard is not a stringent one, the plaintiff must do more than proffer unsupported and generalized allegations. *See Hipp*, 252 F.3d at 1219 (citing *Grayson*, 79 F.3d at 1079).

The declarations, submitted by employees at Defendant's locations throughout the country, demonstrate that they all shared the same exact job title and primary job responsibilities. *See, e.g.*, Dec. of Nadreau ¶ 6 ("As a store manager, my primary duty was to sell Lush product on the sales floor, just like every other employee in the store"). Although the affidavits remain silent as to other, secondary job responsibilities, Plaintiffs have established substantial similarity for the purposes of conditional certification and Defendant has offered no rebuttal evidence or declarations of its own refuting this substantial similarity. *See Garner v. G.D. Searle Pharmaceuticals & Co.*, 802 F. Supp. 418, 422 (M.D. Ala. 1991) ("[t]o impose a strict standard of proof on the plaintiffs at [the notice] stage would unnecessarily hinder the development of collective actions and would undermine the 'broad remedial goals' of the FLSA") (internal citation omitted); *but see Cohen v. Allied Steel*, 554 F. Supp. 2d 1331, 1334 (S.D. Fla. 2008) (denying conditional certification when the two plaintiffs' allegations were "sparse" and "limited to their knowledge of Defendants' operations in Broward County").

As to the distinction between managers and managers-in-training, the Court notes that no managers-in-training have submitted declarations or have opted in.[2] Consequently, the Court will not include employees holding the position of manager-in-training in its conditional certification class. *See Hoffer*, 2009 WL at *2.

**Joint Employers**

When a plaintiff seeks to conditionally certify a class that includes employees of two companies, he or she must establish that the companies are "considered one enterprise, or joint employers of the putative class." *Brooks v. Rainaldi Plumbing, Inc.*, 2006 U.S. Dist. LEXIS 89417, at *6–7 (M.D. Fla. December 8, 2006). In instances where a motion for conditional certification involves a potential class of employees that worked for separate but related employers, courts have reserved consideration of whether the separate employers are joint employers for a final, stage two determination. *Manning v. Goldbelt Falcon, LLC*, 2010 WL 3906735, at *3 (D. N.J., September 29, 2010) (allowing conditional certification in a case involving three related employers: defendants Eagle and Falcon, which were majority-owned subsidiaries of a parent corporation, and defendant Bionetics, which possessed a minority ownership interest in Eagle and Falcon); *see also Tucker v. Labor Leasing, Inc.*, 872 F. Supp. 941, 947 (M.D. Fla. 1994) (conditionally certifying a plaintiff class employed by multiple employers operating within the same truck terminal).

Here, Plaintiffs have presented considerable evidence demonstrating that Defendants Lush Cosmetics NY, LLC and Lush Cosmetics, LLC hold themselves out to the public as the same company. *See Tucker*, 872 F. Supp. at 949. Specifically, Plaintiffs note that managers all had similar

---

[2] At the oral argument, Plaintiffs' counsel confirmed that the declaration of Catalina Hernandez, which stated that she was a manager-in-training, was inaccurate and that she, in fact, worked for Defendant as a manager.

email addresses, had identical job descriptions, attended the same meetings, and "all consider [themselves] to be employed by Lush." *See* Doc. 34 ex. A; Dennison Dec. ¶9. Similarly, Defendant's website makes no distinction between the two entities. In addition, Plaintiff has provided affidavits indicating that a similar policy or approach to compensation and hours was used at both Lush Cosmetics NY, LLC and Lush Cosmetics, LLC such that conditional certification is especially appropriate. *See* Doc. 17-2; Doc. 34 Ex. A; s*ee also McKnight v. D. Houston, Inc.*, 2010 WL 4806869, at *10 (S.D. Tex. November 18, 2010). Thus, the Court is satisfied that Plaintiff has established that the companies are considered one enterprise for the purposes of conditional certification.

**Plaintiffs Have Sufficiently Alleged Willful Violations of the Act For the Purposes of Conditional Certification**

The statute of limitations under the FLSA is two years unless the plaintiff establishes that the defendant's conduct was willful. *See* 29 U.S.C. § 255(a). To show a willful violation of the FLSA, a plaintiff must show that the employer "either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133, 108 S. Ct. 1677, 100 L. Ed. 2d 115 (1988). The issue of willfulness is one for the jury. *See Morgan v Family Dollar Stores, Inc.*, 551 F.3d 1233, 1282–83 (11th Cir. 2008).

Defendant argues that, although Plaintiff has alleged willful violations of the FLSA, Plaintiff has not proffered any evidence establishing any such willfulness. The Court finds that an inquiry into the willfulness of Defendant's conduct, including whether Defendant knew the FLSA applied to its employees, is the type of fact-specific inquiry best left to the more stringent decertification analysis that will follow notice to the proposed class. *See Pendlebury*, 2005 U.S. Dist. LEXIS at

*10–11 (noting that when a defendant's opposition to conditional certification raises specific factual matters not appropriate for consideration at the notice stage of litigation, such matters are best raised at the decertification stage). Thus, at this stage in the litigation, the Court will allow notices to be sent to all employees who worked for Defendant within three years of the date of the lawsuit.

Accordingly, it is hereby **ORDERED** and **ADJUDGED**:

1. Plaintiff's Motion to Conditionally Certify and Facilitate Notice is **GRANTED**.

2. The Court's Order is limited to those employees holding the title "manager;" employees holding the title "manager-in-training" are excluded from the conditional class certification.

3. The parties are hereby directed to confer and agree to a form of notice, which is to be filed with the Court no later than **FOURTEEN** (14) days from the date of this Order.

**DONE AND ORDERED** at Fort Myers, Florida on January 28, 2011.

Charlene Edwards Honeywell
United States District Judge

**COPIES TO**:
Counsel of Record