UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SETH NADREAU et al., on behalf of
themselves and all others similarly
situated,

    Plaintiffs,

v.                                  Case No: 2:10-CV-298-FtM-UASPC

LUSH COSMETICS NY, LLC and
LUSH COSMETICS, LLC D/B/A
LUSH HANDMADE COSMETICS,

    Defendants.
_____/

## ORDER

This matter comes before the Court on Defendants Lush Cosmetics, LLC and Lush Cosmetics NY, LLC's Motion to Compel Answers to Defendants' Third Interrogatories Directed to Plaintiffs, Certification of Counsel Conference and Motion for Attorneys' Fees (Doc. #89) filed on May 2, 2012. Plaintiffs filed a Combined Motion to Deem Objection to Defendants' Third Interrogatories Timely and Memorandum of Law in Opposition to Defendants' Motion to Compel (Doc. #90) on May 3, 2012. The Motion is now ripe for review.

On June 3, 2010, Plaintiffs filed a Nationwide Collective Action Amended Complaint against Defendant in the name of Seth Nadreau and all others similarly situated (Doc. #10). According to the Amended Complaint, Plaintiffs are all former employees of Defendant Lush who worked as managers in various retail locations throughout the country. (Doc. 10, ¶15).

1

Plaintiffs allege that Defendant violated the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. (FLSA) when it employed them and those similarly situated to them for periods longer than forty hours per week without paying them at a rate of at least one and one-half times their regular pay rate. Id.

On January 28, 2011, the Court conditionally certified this case as a collective action. (Doc. #49). The Court allowed notices to be sent to those employees holding the title of "manager," who worked for Defendant within three years of the date of this lawsuit. Pursuant to the Court's direction, the Parties submitted a stipulated Notice. Copies of the Court-approved Notice were sent to the potential opt-in Plaintiffs in March 2011, and by the end of the opt-in period, in addition to the nine original Plaintiffs, 36 additional Plaintiffs opted in to the litigation. Subsequently, nine opt-in Plaintiffs have filed Notices of Withdrawal, because their claims were time barred, leaving 36 Plaintiffs in this litigation.

On December 7, 2011, this Court determined that Defendants may depose 10 Plaintiffs in this case as a representative sampling of the class. (Doc. #90). On February 14, 2012, Defendants served their Third Set of Interrogatories on all 36 opt-in Plaintiffs by mail. The Third Set of Interrogatories contain two interrogatories regarding each Plaintiff's alleged damages:

> **Interrogatory No. 1**
> If you contend that you worked more hours than the hours reported in the time records produced by Defendants in this action, please state for each workweek for which you are claiming additional compensation:
>
>     a.    The total number of hours you worked each workweek you were employed by either of the Defendants; and

> b. How you arrived at the number of hours claimed for each workweek for which you are claiming additional compensation.
>
> **Plaintiffs' Objection:**
> Defendants' Third Interrogatories Directed to Plaintiffs is overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Additionally, this type of discovery is premature, inasmuch as Plaintiffs have not yet determined who their representative plaintiffs will be for purposes of trial testimony on damages. See Morgan Family Dollar Stores, Inc., 552 F.3d 1233 (11th Cir. 2008).
>
> **Interrogatory No. 2**
> Please state the total amount of back wages you claim you are due for each workweek you worked for either of the Defendants, aside from any claim for liquidated damages or attorneys' fees, and explain how you calculated your claim.
>
> **Plaintiffs' Objection:**
>
> Defendants' Third Interrogatories Directed to Plaintiffs is overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Additionally, this type of discovery is premature, inasmuch as Plaintiffs have not yet determined who their representative plaintiffs will be for purposes of trial testimony on damages. See Morgan Family Dollar Stores, Inc., 552 F.3d 1233 (11th Cir. 2008).

Defendants argue that Plaintiffs have waived any objections to the Interrogatories because the responses were not timely served. Plaintiffs' responses were due on March 19, 2012, but Plaintiffs did not serve any of their responses until March 21, 2012. Plaintiffs assert that this was due to an administrative error in calendaring the due date. Pursuant to Federal Rule 33(b)(4), "[a]ny ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." The Court finds good cause in this instance to excuse the untimely objections. The responses were only two days late due to a calendaring error. The untimeliness was not due to any deliberate conduct on the part of Plaintiffs' counsel that would warrant a waiver of their

objections.  Therefore, Plaintiffs' request to deem objection to Defendants' Third Interrogatories Timely Filed is due to be granted.

Defendants next argue that Plaintiffs' objections are not valid as the requested information goes to the heart of Plaintiffs' alleged damages which may aid in the determination of whether Plaintiffs are similarly situated for purposes of a motion for decertification of the conditionally certified class.  Defendants also point to the fact that the court-approved notice to potential opt-in plaintiffs included the language that they "may be required to provide information, appear for a deposition, and/or testify in court."  (Doc. #80).  Plaintiffs argue that the interrogatory requests ignore the previous order of this Court which allowed depositions to be taken of only 10 Plaintiffs, as this Court previously rejected Defendants' attempt to conduct individualized discovery.  (Id.).  But in that Order the Court specifically noted that it was determining that discovery by **deposition** should be limited to a representative sampling of the class and that Defendants could not take the deposition of every opt-in Plaintiff.  (Doc. #80, p. 4).  This Order did not establish a blanket rule against individualized discovery of each Plaintiff in this case.  Therefore, the Court finds that in this instance Defendants are entitled to the discovery requested in its Third Interrogatories from all 36 opt-in Plaintiffs, which is not as burdensome or inefficient as deposing all opt-in Plaintiffs.  "Efficient resolution of claims is an important policy consideration behind the FLSA and a great benefit to the judicial system." Brasfield v. Source Broadband Servs., 255 F.R.D. 447, 450 (W.D. Tenn. 2008)."  While some discovery may be limited to a "statistically significant representative sampling," this is only the case if it is appropriate and in this instance the information sought is relevant to the damages

4

claims and Defendants have shown good cause to obtain the information from all opt-in Plaintiffs.

Finally, Defendants move this Court to award them their reasonable attorneys' fees incurred in preparation of this Motion because Plaintiffs failed to respond within the mandatory time period, relied upon invalid objections, and failed to meet and confer. This request is due to be denied as the untimeliness was an excusable error. Also, the Court finds that the objections were made in good faith and a review of the pleadings shows that attempts were made by the Parties to meet and confer.

Accordingly, it is now **ORDERED:**

(1) Defendants Lush Cosmetics, LLC and Lush Cosmetics NY, LLC's Motion to Compel Answers to Defendants' Third Interrogatories Directed to Plaintiffs, Certification of Counsel Conference and Motion for Attorneys' Fees (Doc. #89) is **GRANTED in part and DENIED in part**.

   a. Defendants' motion to compel all 36 opt-in Plaintiffs to respond to Defendants' Third Interrogatories Directed to Plaintiffs is **GRANTED**.

   b. Defendants' request for attorneys' fees is **DENIED**.

(2) Plaintiffs' Combined Motion to Deem Objection to Defendants' Third Interrogatories Timely (Doc. #90) is **GRANTED**.

**DONE** and **ORDERED** in Fort Myers, Florida this 10th Day of May, 2012.



SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

5

Copies: All Parties of Record